# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTRON RUSSELL, et al., | : | |
| | : | |
| **Plaintiffs** | : | Civil No. 1:12-CV-0407 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

**I.     INTRODUCTION**

Defendant United States of America has moved to have the above-captioned action consolidated with other similar cases currently pending in this district pursuant to Rule 42 of the Federal Rules of Civil procedure.[1] (Doc. 49.) Each of the actions

---

[1] The cases the United States has identified in its request for consolidation include: Antron Russell, et al., v. United States of America, Civil Action No. 1:12-CV-407 (Judge Conner); Fuquan Anthony Spells, et al., v. United States of America, Civil Action No. 3:12-CV-455 (Judge Kosik); Kelvin Andrew Spotts, et al., v. United States of America, Civil Action No. 3:12-CV-583 (Judge Kosik); Charron Butts v. United States of America, Civil Action No. 1:12-CV-785 (Judge Conner); John Legrand, et al., v. Fenstermaker, et al., Civil Action No. 3:12-CV-743 (Judge Kosik); and Reginald Barnett, et al., v. Fenstermaker, et al., Civil Action No. 1:12-CV-183 (Judge Caldwell). The Court has since become aware of other cases that appear to arise out of the same alleged salmonella outbreak at USP-Canaan, but which are not presently subject to Defendant's motion to consolidate. These cases include: Randolph v. United States of America, Civil Action No. 1:12-CV-784; Grupee v. Holt, Civil Action No. 1:12-CV-1015 (Judge Caldwell); Love v. USP-Canaan, Civil Action No. 1:12-CV-1030 (Judge Jones);

subject to the motion was commenced by *pro se* inmate Plaintiffs in the custody of the Bureau of Prisons, all of whom were incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania ("USP-Canaan"), on June 25, 2011. Each of the Plaintiffs in these actions claims to have become sickened as a result of consuming chicken that was contaminated with salmonella, and which was served in the prison's main dining hall on June 25, 2011, as part of a chicken fajita entree.

The United States has provided notice of the motion to the Plaintiffs in this action, as well as to the Plaintiffs in the other actions that Defendant seeks to have consolidated with this case. In spite of this notice, no Plaintiff in any of these cases has responded to the government's motion, and it remains unopposed.

Upon consideration of the motion, and in consideration of the somewhat unusual procedural posture of the related actions that are subject to the motion to consolidate, we will grant the motion in part and deny it in part, without prejudice to Defendant's right to renew its request at a later point in the litigation. We explain below.

---

Gonzales-Vasquez v. United States of America, Civil Action No. 1:12-CV-1031 (Judge Conner); Rogers v. Holt, Civil Action No. 1:12-CV-1041 (Judge Conner); Rundolph v. United States of America, Civil Action No. 1:12-CV-1177 (Chief Judge Kane); McDowell v. United States of America, Civil Action No. 3:12-CV-1132 (Judge Nealon).

II.   **STATEMENT OF THE CASE**

As noted above, in each of the cases subject to the government's motion, the Plaintiffs are *pro se* inmates who claim to have been housed at USP-Canaan on June 25, 2011, and who all claim to have been sickened by eating chicken fajitas served at the prison that were allegedly contaminated with salmonella. Although there are some differences in the claims brought by each of the Plaintiffs in each of the actions, they all arise out of a common nucleus of facts, and generally involve similar questions of law.

Some of the Plaintiffs have limited their claims to allegations that the United States should be liable for negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., whereas others have brought either alternative or additional Bivens[2] claims charging individual Defendants employed at USP-Canaan or by the Bureau of Prisons with various constitutional violations allegedly related to the salmonella outbreak, including claims that certain Defendants conspired to conceal the salmonella outbreak; denied individual Plaintiffs' right of access to the courts; denied or restricted necessary medical treatment; and otherwise engaged in retaliatory conduct or mistreatment of inmates.

---

[2]   Bivens v. Six Unnamed Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

These cases involve multiple Plaintiffs, and each case was filed independently. As a result of the way in which these cases have been brought, the cases have been assigned to multiple district judges in the Middle District of Pennsylvania.[3] A number of these cases, including each of the cases that the government seeks to have consolidated, have been assigned to the undersigned magistrate for pretrial purposes. All of the cases remains in a preliminary posture, and the Defendants in each of the cases have not yet answered or otherwise responded to the complaints that have been filed.

## III.   DISCUSSION

The United States has moved the Court to consolidate each of the six actions identified above on the grounds that each of the cases arises out of the same alleged incident, occurred at the same time, in the same place, and involves the same Defendants. As a result, the government contends that each of the actions involves the same facts and common legal questions, and "any relief accorded in one suit will directly affect and possibly control the relief accorded in other suits." (Doc. 50, at 8.) In addition, the government submits that consolidation of each of the actions is

---

[3] As noted in footnote 1, supra, the 13 related cases currently pending in the Middle District of Pennsylvania that have been referred to the undersigned for pretrial management, have been assigned to six different district judges of the Middle District of Pennsylvania.

desirable because it will avoid the need to manage multiple lawsuits, will therefore conserved judicial resources, and will reduce costs that would otherwise be incurred by all parties.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: ... (2) consolidate the actions."  Fed. R. Civ. P. 42(a).[4]  Accordingly, a threshold requirement for consolidation is whether there exists a common question of law or fact. In re Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J.1998).  Although the existence of common issues is a prerequisite for consolidation, the mere fact that multiple actions involve common issues of fact or law does not compel consolidation. Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 80 (D.N.J.1993). Rather, a court may consolidate cases if, in its discretion, "consolidation would facilitate the administration of justice." Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc., 775 F. Supp. 759, 761 (D. Del.1991).

---

[4] A magistrate judge has the authority to rule on the request to consolidate as a non-dispositive motion.  See Carcaise v. Cemex, Inc., 217 F. Supp. 2d 603, 604 (W.D. Pa. 2002) (citing Trafalgar Power, Inc. v. Aetna Life Ins. Co., 131 F.Supp.2d 341, 343 (N.D.N.Y.2001) (motion for consolidation is one for "non-dispositive relief"));

A district court has broad power and discretion when determining whether consolidation is appropriate. Liberty Lincoln Mercury, 149 F.R.D. at 80. In the exercise of this discretion, a court should weigh the benefits of judicial economy against the potential for new delays, expense, confusion or prejudice. Id. A motion to consolidate may be denied if the common issue is not a principal one, if it will cause delay in one of the cases, or will lead to confusion or prejudice in the trial of a case. See 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2382 (Civil 2d.1995). "Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues." Liberty Lincoln Mercury, Inc., 149 F.R.D. at 81.

Applying these principles to Defendant's motion, and in the exercise of our broad discretion with respect to matters of case management, we find it appropriate to grant the motion in part and deny it in part. We will deny the motion to the extent the United States is seeking to consolidate each of these cases – and other cases that may have since been filed that arise out of the same alleged salmonella outbreak at USP-Canaan in 2011 – under a single case number, in front of a single district judge. As noted above, although each of the six cases subject to Defendant's motion have been referred to the undersigned for pretrial management, the cases are assigned to multiple district court judges. We are not in a position to remove these actions from

the district judges that are assigned to them, or to direct that each of the related cases be assigned to a single district court judge.

In addition to these institutional concerns, we are mindful that these cases have been brought by *pro se* Plaintiffs who are currently incarcerated in a number of different federal prisons[5], and who are unlikely to be able to collaborate meaningfully in the litigation of these cases.

However, because each of the cases subject to Defendant's motion has been referred to the undersigned for pretrial purposes, and because we agree with the government that we should strive to make the litigation of each of these actions as efficient as possible in light of the common questions of law and fact that appear to predominate across the cases, we will place these actions on parallel pretrial schedules. By placing these actions on parallel pretrial schedules, we will ensure that pretrial litigation in each case proceeds in a timely and efficient manner, while at the same time refrain from interfering with the trial schedule and case administration prerogatives of each of the district judges assigned to these various related cases.

In addition to providing parallel pretrial management schedules across the cases subject to Defendant's motion, as well as the additional related cases that have

---

[5]Several inmate Plaintiffs have reported to the Court that they have been transferred to other institutions following the filing of their complaints.

been referred to the undersigned for pretrial management, we will provide a deadline by which the parties may consent to have the undersigned preside over these cases. In the event that the parties consent to the undersigned presiding over all pretrial and trial matters in two or more of these actions, the Court may revisit the issue of consolidation at that time, either on a renewed motion from the United States or the Plaintiffs, or on the Court's own motion.

## IV.   ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the United States' motion to consolidate the above-captioned action with <u>Fuquan Anthony Spells, et al., v. United States of America</u>, Civil Action No. 3:12-CV-455 (Judge Kosik); <u>Kelvin Andrew Spotts, et al., v. United States of America</u>, Civil Action No. 3:12-CV-583 (Judge Kosik); <u>Charron Butts v. United States of America</u>, Civil Action No. 1:12-CV-785 (Judge Conner); <u>John Legrand, et al., v. Fenstermaker, et al.,</u> Civil Action No. 3:12-CV-743 (Judge Kosik); and <u>Reginald Barnett, et al., v. Fenstermaker, et al.</u>, Civil Action No. 1:12-CV-183 (Judge Caldwell), the motion is GRANTED in part and DENIED in part as follows:

1.   The motion is DENIED to the extent it seeks to have each of these actions consolidated for pretrial and trial purposes in front of a single district judge.

2. With respect to each of the actions identified in the United States' motion to consolidate, and in other actions that have been referred to the undersigned for pretrial management that arise out of the alleged salmonella outbreak at USP-Canaan in 2011, see footnote 1, supra, the Court will enter scheduling orders placing each of the related actions on parallel pretrial schedules, and will include a common deadline by which the parties may consent to proceed before the undersigned. In the event the parties in two or more of the related actions consent to proceed before this Court, we may at that time reconsider whether to consolidate those actions in which the parties have consented.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge